IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER DALLAS ROWBOTHAM, | ) |
| Petitioner, | ) |
| v. | ) Case No. 22-CV-0011-JFH-SH |
| SCOTT NUNN, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner Roger Dallas Rowbotham's Response to the Court's Order to Show Cause ("Response"). Dkt. No. 10.[1] For the reasons that follow, the Court dismisses the Petition, with prejudice.

As stated in this Court's prior Order [Dkt. No. 7], Rowbotham seeks federal habeas relief from the judgment entered against him in Rogers County District Court, Case No. CF-1974-43. He claims his conviction is "void," in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Hogner v. State*, 500 P.3d 629 (Okla. Crim. App. 2021), because he is Native American, and the State of Oklahoma does not have jurisdiction to prosecute Native Americans for crimes committed within the boundaries of the Cherokee Nation Reservation. In its Order, the Court explained that the Petition was subject to being dismissed as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations which requires a state prisoner seeking relief under § 2254 to file a petition for writ

---

[1] Rowbotham styled the Response as an Objection to Report and Recommendation. However, the procedural history of this case supports construing the "Objection" as Rowbotham's response to the Court's Order [Dkt. No. 7] that directed him to show cause why his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") [Dkt. No. 1] should not be dismissed as barred by the statute of limitations.

of habeas corpus on the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In response to the Court's directive to explain why the Petition should not be dismissed, Rowbotham contends the Petition is timely under each provision of § 2244(d)(1) and, if not, that he is entitled to equitable tolling of the one-year limitation period. Rowbotham's arguments are unpersuasive.

First, Rowbotham argues that his Petition is timely under § 2244(d)(1)(A) and § 2244(d)(1)(B) because a judgment that is "void" for lack of jurisdiction never becomes final. Dkt. No. 10 at 1-2. There is some support for Rowbotham's contention that a void judgment does not become final. *See, e.g., Ex parte Reed*, 100 U.S. 13, 23 (1879) ("Every act of a court beyond its jurisdiction is void."). But the date a judgment becomes final is not relevant under § 2244(d)(1)(B) and Rowbotham's argument does not demonstrate that this provision applies under the facts of his case. And, for purposes of § 2244(d)(1)(A), a judgment becomes final at the conclusion of direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for

seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2244(d)(1)(A))). The end of direct review does not stop a state prisoner from seeking collateral review of an allegedly "void" judgment, either through state postconviction proceedings or federal habeas proceedings, but it does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to challenge the allegedly "void" judgment. As discussed in this Court's prior Order, Rowbotham's judgment became final, for purposes of calculating the one-year limitation period under § 2244(d)(1)(A), in April 1997. [Dkt. No. 7 at 3-4. The Petition is therefore untimely under § 2244(d)(1)(A) and § 2244(d)(1)(B) does not apply.

Moreover, contrary to Rowbotham's apparent position, there is no language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—to support that the one-year statute of limitations does not apply to judgments that are allegedly "void" for lack of subject-matter jurisdiction. Dkt. No. 10 at 2, 4-7. A claim that the convicting court lacked subject-matter jurisdiction presents a cognizable federal habeas claim, whether it is viewed as a claim alleging a due process violation, *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), or as a claim alleging a violation of "laws or treaties of the United States," 28 U.S.C. § 2254(a). But Congress did not create, and *McGirt* did not suggest that there would be, an exception to the one-year statute of limitations for claims alleging an absence of jurisdiction in the convicting court. *See* 28 U.S.C. § 2244(d)(1) (providing four specific dates that trigger the one-year limitation period without reference to the nature of the claim or claims presented in a habeas petition); *McGirt*, 140 S. Ct. at 2479 (acknowledging that "[o]ther defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings"); *id.* at 2481 (explaining that

defendants seeking relief from state-court convictions based on the *McGirt* decision may encounter procedural obstacles because "[m]any other legal doctrines—procedural bars, res judicata, statutes of repose, and laches, to name a few—are designed to protect those who have reasonably labored under a mistaken understanding of the law"); *see also Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[2] (rejecting habeas petitioner's argument "that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea" and reasoning that "the jurisdictional nature of [the petitioner's] due-process claim" did not bar dismissal of that claim as untimely); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished) ("Regardless of whether [the petitioner] can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction.").[3]

Second, Rowbotham contends the Petition is timely under § 2244(d)(1)(C) because the United States Supreme Court announced "a new rule of criminal procedure" in *McGirt*. Dkt. No. 10 at 2. But this Court explained in its prior Order that the *McGirt* decision did not trigger a new one-year limitation period under § 2244(d)(1)(C) because the Supreme Court did not "initially recognize[]" any new constitutional right in *McGirt*. Dkt. No. 7 at 4-5. *See, e.g.*, *Shields v. Crow*, No. CIV-21-1003-D, 2022 WL 291723 (W.D. Okla. Jan. 13, 2022), at *2-4, (gathering cases

---

[2] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[3] These same authorities also undermine Rowbotham's argument that applying the one-year statute of limitations to bar his jurisdictional claim would violate the Supremacy Clause and "effectively suspend habeas corpus relief." Dkt. No. 10 at 3-4.

rejecting petitioners' arguments that § 2244(d)(1)(C) provides a later commencement date for jurisdictional challenges based on *McGirt*), *report and recommendation adopted by* 2022 WL 291622 (W.D. Okla. Jan. 31, 2022); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); *Littlejohn v. Crow*, No. 18-CV-477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (noting that *McGirt* did not recognize any new constitutional rights); *Berry v. Braggs*, No. 19-CV-706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) ("Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim."). Rowbotham's argument does not persuade this Court that this case requires a different conclusion regarding the applicability of § 2244(d)(1)(C).

Third, Rowbotham contends that the Petition is timely under § 2244(d)(1)(D) because *McGirt* adjudicated a "substantive fact" that "establishes the factual predicate to jurisdictional claims related to crimes committed on an Indian reservation." Dkt. No. 10 at 3. This Court has previously rejected that same argument and finds no basis for a different result here. *See e.g., Mitchell v. Nunn*, No. 21-CV-0442-GKF-CDL, 2022 WL 1272013, at *6 (N.D. Okla. Apr. 28, 2022); *see also Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (noting that § 2244(d)(1)(D) considers when a reasonably diligent prisoner could have discovered the factual predicate of the claim asserted and reasoning that a reasonably diligent state prisoner could have discovered the factual predicate of a claim challenging Oklahoma's jurisdiction over crimes committed in Indian country before *McGirt* was decided in 2020).

Finally, Rowbotham argues that if his Petition is not timely, then this Court should deem

it timely through equitable tolling "because of the extraordinary general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma" that "was not cleared up until the *McGirt* decision." Dkt. No. 10 at 3. Equitable tolling is available only when extraordinary circumstances prevented an individual prisoner exercising reasonable diligence from filing a timely federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma,[4] applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction. This would be contrary to the well-established principle that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). To date, the Supreme Court has created only one non-statutory "equitable exception" to the one-year statute of limitations by permitting prisoners who assert a credible claim of actual innocence to obtain habeas review of untimely claims. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2012). Even applying the rule of liberal construction, the Court does not discern any argument from Rowbotham suggesting he is actually innocent. Rather, his arguments assert that he was wrongly prosecuted in state court because Oklahoma lacked criminal jurisdiction over the crime he committed in Indian country. Equity does not warrant tolling of the one-year limitation period so that Rowbotham can assert that claim decades after his conviction.

---

[4] This Court previously acknowledged *McGirt*'s impact on the understanding of Oklahoma's criminal jurisdiction, but also recognized that "Indian-country jurisdictional claims did not spring into existence" only with the 2020 decision in *McGirt* and the related case of *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020). *Mitchell*, 2022 WL 1272013, at *6.

Based on the foregoing, the Court concludes that the Petition should be dismissed, with prejudice, as barred by the one-year statute of limitations. The Court further concludes that the statute of limitations presents a clear procedural bar and thus declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

THEREFORE, IT IS HEREBY ORDERED that:

1. The Petition [Dkt. No. 1] is dismissed with prejudice.

2. A certificate of appealability is denied.

3. A separate judgment shall be entered in this matter

Dated this 13th day of May 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE